IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHASSIDY CRADDOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-2569-JAR |
| | ) | |
| STRATUS BUILDING SOLUTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The pro se plaintiff, Chassidy Craddock, filed this Title VII employment discrimination suit against her former employer, Stratus Building Solutions (doc. 1). Since filing the action, she has failed to actively participate in prosecuting this case.

On November 26, 2012, the undersigned U.S. Magistrate Judge, James P. O'Hara, ordered Ms. Craddock to show cause in writing why the case should not be dismissed for failure to prosecute (doc. 20). She did not respond to the court's order. For the reasons discussed below, the undersigned recommends that this case is dismissed with prejudice for failure to prosecute.

**I. Background**

A scheduling conference was set in this matter for November 20, 2012, at 9:00 a.m. in Courtroom 236 (doc. 12). A copy of the order setting the scheduling conference was mailed via regular and certified mail to Ms. Craddock. Although defendant's attorney appeared at the scheduling conference, Ms. Craddock failed to appear. Defense

counsel reported that he did reach Ms. Craddock by telephone to discuss a case management plan.  After discussing only a few items on the court-prescribed agenda, though, she hung up on defense counsel.

The court has made numerous unsuccessful attempts to contact Ms. Craddock.  All certified mail sent to her address of record has been returned as undeliverable (docs. 13–14).  Notably, however, none of the court's regular mailings have been returned by the U.S. Post Office, and therefore the court presumes all of those mailings were delivered to Ms. Craddock.[1]  In any event, after Ms. Craddock failed to appear at the scheduling conference, the court attempted to call her, but the telephone number she provided was answered by an automated service stating she was "not accepting calls at this time."

Ms. Craddock was then ordered to show case in writing by December 17, 2012 to the undersigned why the case should not be dismissed for failure to prosecute (doc. 20).  A copy of the order was mailed to Ms. Craddock's address of record via regular and certified mail.  She failed to respond to the court's order.

## II.  Analysis

Under Fed. R. Civ. P. 41(b), a case may be dismissed involuntarily where a party fails to prosecute or follow the court's orders and rules.  A dismissal under Rule 41(b) functions as a ruling on the merits.[2]  Before involuntarily dismissing a case, the court

---

[1] *See Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994) (stating that the "law presumes delivery of a properly addressed piece of mail").

[2] *See Lujan v. Dreis*, No. 10-4093, 2011 WL 635578, at *3 (10th Cir. Feb. 23, 2011).

must consider: (1) the length or number of plaintiff's delays; (2) plaintiff's culpability for the failure to prosecute; (3) whether plaintiff was aware that dismissal was a likely sanction for her failure to prosecute; (4) the amount of prejudice to the opposing parties; and (5) whether a lesser sanction would be equally effective.[3]

Application of these factors weighs in favor of dismissing Ms. Craddock's case. Since filing the complaint, Ms. Craddock has shown no real effort to press forward with this action.  She has failed to meaningfully meet with counsel to develop a case management plan, and also failed to appear for the scheduling conference with the court, both of which are direct violations of the court's orders.  Moreover, as a pro se litigant, Ms. Craddock is obligated to notify the Clerk of the Court in writing of any change of address or telephone number.[4]  Despite this requirement, it appears that she has failed to maintain a functioning telephone number or an address at which defense counsel or the court may reach her.

Stratus Building Solutions has expended considerable effort and resources defending against Ms. Craddock's allegations.  Permitting this stagnate case to linger will only further prejudice the defendant.  Ms. Craddock has been advised that dismissal is likely should she fail to respond to the court's November 26, 2012 show cause order

---

[3] *Zhu v. Fed. House. Fin. Bd.*, No. 04-2539, 2007 WL 1267464, at *3 (D. Kan. May 1, 2007) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)); *see Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[4] D. Kan. Rule 5.1(c)(3).

(doc. 21).  Given her failure to actively participate in the case and repeated failure to comply with the court's orders, the undersigned is not convinced that a lesser sanction than dismissal would be effective.  Moreover, the types of lesser sanctions contemplated in Fed. R. Civ. P. 37(b)(2)(A–C) have no utility with a plaintiff who is making no attempt to prosecute her claims.

Because it appears that Ms. Craddock has abandoned all efforts to prosecute this case, the undersigned recommends dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b).

The parties are hereby informed that, within 14 days after a party is served with a copy of this report and recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  A party must file any objections within the 14 day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

IT IS SO ORDERED.

Dated December 18, 2012, at Kansas City, Kansas.

 s/ James P. O'Hara      
James P. O'Hara
U. S. Magistrate Judge

O:\ORDERS\12-2569-JAR-R&R Dismiss.docx